BARISOFF et al. v. HOLLYWOOD BASE-
BALL ASS'N.

Civil Action No. 6321–C.

District Court, S. D. California,
Central Division.

March 11, 1947.

James M. Carter, U. S. Atty., and James C. R. McCall, Jr., Asst. U. S. Atty., both of Los Angeles, Cal., for petitioners.

Victor Ford Collins, of Los Angeles, Cal., for respondent.

CAVANAH, District Judge.

In the present action four veteran baseball players seek redress for alleged violations by the Hollywood Baseball Association of their statutory re-employment rights as members of the armed forces of the United States. Dawson and Lilly seek an order that they be restored to positions of employment by the respondent.

The respondent asserts that the character of the petitioners' pre-service employment was not such as to entitle them to the privileges and benefits of the Selective Training Act of 1940 as amended, 50 U.S.C.A.Appendix § 301 et seq., for the reason that the employment of petitioners was temporary in nature, and is based upon the contention that none of them were regular members of the Hollywood Baseball Club. Instead, it is asserted that they were inexperienced and temporary players, who had been signed to contracts terminable at the will of the respondent.

It is also contended by respondent that the petitioners were not qualified to perform the duties of their positions at the time they requested re-employment, and were discharged for lack of skill and ability to play baseball in accordance with the standards of the Hollywood Club, and that the circumstances of the respondent have changed so as to make it unreasonable to require it to re-employ the petitioners, and that they have waited an unreasonable length of time before commencing their action for alleged loss of pay. As to the amount of damages claimed, respondent asserts that the petitioners have not made proper allowance for wages, salaries, and bonuses gained during the year, which they would not have received had they remained under contract with the respondent, as the figure at which they were employed prior to their military service is the figure to be considered, for they cannot claim damages for the difference between the amounts they actually earned during the period, and the amounts they would have earned had they been retained in the employ of the respondent at the increased figure which the respondent voluntarily paid them upon their re-employment after military service.

The statute relating to the right of re-employment of one who was in the military service of the United States provides that by section 308, 50 U.S.C.A.Appendix, "(b) In case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service * * * after discharged for a period of not more than one year— * *

"(B) if such position was in the employ of a private employer, such employer shall

restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or *unreasonable* to do so." (Italics supplied)

Thus, it will be seen that the statute provides when, and under what circumstances, a veteran can be re-employed in his former position and recover for loss of wages and damages. When the petitioners returned from the military service they made application to respondent for re-employment in the Club, and were re-employed—but thereafter were released for the reasons given by the Club, that they did not meet the skill and ability required by the Club in the class and standard of the Club in the Pacific Coast League, as that League now requires a class and skill and ability of players next to the regular National League. So the inquiry here is: had the circumstances of the employer, the Club, so changed as to have made it impossible or unreasonable for the Club to have re-employed them? The requirements of the Pacific Coast League limit each Club to 25 regular men, and they cannot carry more than that when the season commences. After spring training they are allowed to select 25 men who, in their judgment, can play such a class of ball as to meet opposition. When the regular season opened, or shortly thereafter, when the petitioners assert they should have been re-employed by respondent, those who determined the qualifications of players for the Club determined that, in their judgment, petitioners could not meet the qualifications necessary to compete with opposition, and they released some and others secured employment in other Clubs.

A fair interpretation of the statute is that it does not apply to "temporary positions" or where "the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

Professional ball playing in Clubs in a League seems to stand out as different from ordinary activities, since regular employment of players must be determined upon their skill and ability to meet the qualifications required of the class and standard of ball in the League, and that has to be determined by the Clubs who employ them, as they are taking the chances of meeting opposition—and this is recognized when the players apply for employment, for in their contracts with the Club they expressly agree that their services are determinable at any time at the will of the Club. It seems that the player has to satisfy the Club, the employer, as to his qualifications to continue. Therefore, the statute would not apply under the evidence in this case when confronted with the exception: "other than a temporary position". It appears that when the petitioners returned and sought re-employment with the respondent, the respondent's situation in the League had changed, and the class and standard of the players had become greater and was recognized as better than when petitioners entered the military service, thereby making it impossible and unreasonable to require the respondent to re-employ them. The evidence is undisputed that a higher and greater class and standard of qualifications for players in the Pacific Coast League had developed while the petitioners were not playing, or under the control of respondent, and the statute authorized the respondent to refuse to re-employ the petitioners at the time in question.

There are cases recognized where skill and ability are the measure and yardstick of re-employment under the Act in question, and of course this case, like all others, is based upon the particular facts in the case.

Thus, the conclusion is reached that, under the Act and the evidence, the respondent was not required to re-employ the petitioners at the times urged for the reasons thus expressed. Finding and decree to be entered in favor of respondent.