**AZZERONE v. W. B. COON CO.**

District Court, W. D. New York.

Sept. 15, 1947.

Stone & Hoffenberg, of Rochester, N. Y. (Hyman T. Maas, of Rochester, N. Y., of counsel), for plaintiff.

Nixon, Hargrave, Middleton & Devans, of Rochester, N. Y. (W. Clyde O'Brien, of Rochester, N. Y., of counsel), for defendant.

BURKE, District Judge.

Azzerone was employed by W. B. Coon Company in its shoe factory from 1932 until April 22, 1944, when he joined the United States armed forces. He was honorably discharged April 4, 1946. He was reemployed by the defendant on April 22, 1946 and continued in its employment until November 5, 1946 when he was discharged, he claims without cause. In this proceeding under the Selective Training and Service Act of 1940, Title 50 U.S.C.A.Appendix, § 308(e) he seeks, not reinstatement to his employment, but solely a money judgment for compensation for loss of wages between the date of his discharge and March 31, 1947, when he was employed elsewhere.

■ The right to compensation for loss of wages and benefits suffered by reason of an employer's wrongful action is, under the terms of Section 303(e), an incident to a proceeding to specifically require an employer to comply with the provisions of the statute requiring reemployment and prohibiting discharges without cause within one year. Plaintiff did not seek to be reinstated in his employment after being discharged on November 5, 1946. No demand to be reinstated was made until May 5, 1947, more than a year after restoration to his employment following his honorable discharge from the armed forces and after he had already accepted employment elsewhere. It was then made in a letter to the defendant from plaintiff's attorneys. This

proceeding was not begun until June 17, 1947. Under Section 308(c) plaintiff was entitled to protection from discharge without cause for one year after being restored to his employment. Section 308(e) furnished the means of reinstatement in case of discharge without cause within one year and gave to an employee who was wrongfully discharged the right to claim incidental compensation for loss of wages and benefits sustained by reason of such wrongful discharge. It provided for a speedy hearing of such causes and contained a direction that they be advanced upon the court calendar. Plaintiff was not entitled to reinstatement after one year from original restoration to his employment. Although discharged in November, 1946 he waited six months until May, 1947 to demand reinstatement and over a month more before commencing this action. Whatever the reason for the delay the defendant was not responsible for it and should not be penalized because of it. By the delay the court was precluded from determining during the period of protection accorded by the statute whether or not the discharge was without cause and whether plaintiff was entitled to reinstatement and incidental compensation for any loss of wages or benefits. The delay upon his part was unreasonable and amounts to acquiescence in the employer's conduct and results in a forfeiture of the incidental right to demand compensation for loss of wages. Dacey v. Bethlehem Steel Co., D.C., 66 F.Supp. 161.

■ Moreover his discharge was not without cause. Defendant had a closed shop contract with Boot and Shoe Workers Union, AFL, of which plaintiff was a member. The evidence establishes that within a week prior to his discharge the plaintiff, during working hours, solicited fellow employees to join a CIO union. His activities along this line were disturbing and annoying to other employees and interfered with their work. At times he resorted to intimidation and at least on one occasion threatened one of the employees with loss of her job if the CIO union was successful in its organization efforts and she had not joined. Plaintiff's activities resulted in complaints by employees to their superiors and his discharge was a result of those complaints. Under the circumstances the discharge was justified.

The complaint should be dismissed without costs. Separate findings of fact and conclusions of law are filed herewith.

### Findings of Fact

1. Plaintiff was employed by W. B. Coon Company in its shoe factory from 1932 until April 22, 1944, at which time he entered the armed forces of the United States. He was honorably discharged on April 4, 1946. He was reemployed by the defendant on April 22, 1946. He continued in defendant's employment until November 5, 1946, when he was discharged.

2. His average wage during the year 1946 was $60 per week.

3. The defendant had a closed shop contract with Boot and Shoe Workers Union, AFL, of which plaintiff was a member.

4. During the week prior to his discharge plaintiff solicited employees of the defendant during working hours to become members of a CIO union.

5. His activities along this line were disturbing and annoying to other employees and interfered with them in the performance of their work. At times he resorted to intimidation. On one occasion he threatened one of the defendant's employees with loss of her job if the CIO union was successful in its organization efforts and she had not joined. Several of defendant's employees complained to their superiors about the annoyance caused by plaintiff's solicitations and pointed out to their superiors that such solicitations were being made during working hours and caused interference with their work.

6. Prior to plaintiff's discharge the defendant caused these complaints to be investigated. Upon investigation it was found that the complaints were justified.

7. Because of the annoyance to other employees during working hours and because of the intimidation used by him in his organization efforts, the defendant discharged the plaintiff.

8. Plaintiff made no demand to be reinstated in his employment by the defendant until May 5, 1947. It was then made in a

letter to the defendant from plaintiff's attorneys. He accepted other employment on March 31, 1947.

9. During the period between November 5, 1946 and March 31, 1947 plaintiff received unemployment insurance in the amount of $200.

10. This proceeding was commenced on June 17, 1947. By this proceeding plaintiff did not seek reinstatement in his employment but solely a money judgment for loss of wages.

11. Defendant was in no way responsible for the delay in the demand for reinstatement and in commencing this action.

### Conclusions of Law

1. Plaintiff's discharge was for cause and was justified.

2. His delay in making demand for reinstatement from November 5, 1946 to May 5, 1947 was unreasonable. By the delay in commencing this action the court was precluded from determining during the period of protection provided by the statute whether or not his discharge was without cause and whether plaintiff was entitled to reinstatement and incidental compensation for loss of wages.

3. The defendant is entitled to judgment dismissing the action upon the merits, without costs.