## REESER v. PHILADELPHIA NATIONAL LEAGUE CLUB.

### Civ. A. No. 9219.

United States District Court
E. D. Pennsylvania.

June 22, 1949.

Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

M. Carton Dittmann, Jr., Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a cause of action arising under the reemployment provisions of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 308. Defendant has moved to dismiss the complaint, or in the alternative, for summary judgment, offering affidavits in support of its motion. See Rule 12(b), as amended, Federal Rules of Civil Procedure, 28 U.S.C.A. In substance, plaintiff's complaint alleges as follows: Plaintiff was employed as a pitcher by defendant corporation under a written contract for the baseball seasons of 1944 and 1945. While the 1945 contract was in effect, plaintiff was inducted into the United States Navy. He was later honorably discharged, applied for reinstatement, and was reemployed under a written contract for the year 1946. Subsequently, he was unconditionally released on April 29, 1946. Plaintiff seeks damages for defendant's allegedly wrongful discharge and such other equitable relief as the Court deems proper. The affidavit supporting defendant's motions is by George A. Fletcher, secretary of defendant ball club, and, in effect, states that after plaintiff signed a contract for the 1945 season on April 17, 1945, he asked to be placed on the voluntary retirement list so that he could stay in his defense job. This was done on May 16, 1945. Plaintiff, in opposing this motion, has filed a counter-affidavit, stating that defendant knew of plaintiff's intentions to stay in his defense job when it sent him a contract for the 1945 season; that after his induction he was placed on the National Defense Service List of defendant ball club; and, that after his discharge he was reinstated by the Office of the Commissioner of Baseball to defendant's active list. Also included in the counter-affidavit is a copy of letter sent to plaintiff by Herbert Pennock, then Vice President of the club, stating the reasons for his release.

Defendant's arguments in support of its motions are briefly, that the reemployment benefits of the Selective Service Act do not apply to baseball players, because their employment is temporary; that plaintiff did not occupy or leave any position in the employ of defendant at the time of his induction; that defendant's circumstances had changed so as to make it impossible or unreasonable to require it to reemploy plaintiff; that plaintiff's unconditional release was a discharge

948

for cause, thereby barring him from benefits under the Act, and, finally, that, in any event, plaintiff has waited too long to enforce his rights. Each of these objections raises issues which cannot properly be decided on a motion to dismiss or for summary judgment. Motions to dismiss should be granted sparingly and only when plaintiff cannot under any theory prove his case. See Mayo v. United States War Shipping Administration, D. C., 82 F.Supp. 61. Summary judgment, "wisely used, is a praiseworthy time-saving device. But * * * denial of a trial on disputed facts is worse than delay." See Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135. Whether defendant's circumstances had changed or whether plaintiff was discharged for cause within the meaning of the statute are certainly factual issues which are in dispute. They cannot be resolved upon the motion pressed here. Whether baseball players are protected by the statute relied on because their employment is temporary raises issues too grave to be decided upon this scanty record. While it is true that there is support for such a view (See Barisoff v. Hollywood Baseball Association, D. C., 71 F.Supp. 493, 494, affirmed 9 Cir., 166 F.2d 1023), it is at least open to question. Cf. Niemiec v. Seattle Rainier Baseball Club, Inc., D. C., 67 F.Supp. 705; Daniels v. Barfield, D. C., 77 F.Supp. 283, 285. Certainly, the customs of the trade will be relevant in construing the statutory phrase, "temporary". Similarly, defendant's contention that plaintiff's status on the Voluntary Retired List bars him from bringing this action raises far-reaching issues affecting the contractual relationship of baseball clubs and their employees. It may be that plaintiff did not leave a position in the employ of defendant within the meaning of the Act when he went into the Navy, but judgment on this could be better determined upon a fuller record. Certainly part-time jobs for baseball players are not unusual; here, too, evidence as to custom may be controlling. The reassignment of plaintiff after his discharge to defendant's active list by the Office of Commissioner of Baseball would indicate that plaintiff and defendant were connected by some

relationship. Finally, defendant's contention that plaintiff has waited too long to assert his rights has merit to it. Cf. Daniels v. Barfield, supra; Azzerone v. W. B. Coon Co., D.C., 73 F.Supp. 869. Yet construing the statute, as suggested in O'Connor v. Yardley Golf Club, 3 Cir., 171 F.2d 40, as a remedial measure designed to protect the rights of servicemen impels me to deny the motion pressed here. It may be that plaintiff's delay was unreasonable, but determination of that depends, I feel, upon the full facts, with any extenuating circumstances that may be present. Accordingly, therefore, an order will be entered denying defendant's motions to dismiss and for summary judgment.