Frank WARD, Appellant,

v.

Major General W. T. HUDNELL, and Lieutenant Colonel Raymond F. Stone, Appellees.

No. 21840.

United States Court of Appeals
Fifth Circuit.

Sept. 21, 1966.

Mario Obledo, Frank Y. Hill, Jr., San Antonio, Tex., for appellant.

William O. Murray, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellees.

Before TUTTLE, Chief Judge, and JONES and WATERMAN,* Circuit Judges.

WATERMAN, Circuit Judge:

Plaintiff-appellant commenced his action against defendants-appellees in the state courts of Texas, alleging substantially the following:

In February 1951, plaintiff was hired as golf professional and golf course manager at the Kelly Air Force Base, San Antonio Air Material area. He was first paid his salary from non-appropriated funds, but in August 1952 he obtained Civil Service status and thereafter he was paid from "appropriated funds." In October 1959, defendant Stone, a Major in the U. S. Air Force, was assigned to Kelly Air Force Base as Chief, Military Recreation Branch, and became plaintiff's supervisor. Plaintiff and Stone disagreed as to how to manage and operate the golf course, but plaintiff survived Stone's supervision, Stone being assigned to other duty in November 1960 and being replaced by a Captain Nye. Defendant Major-General Hudnell from 1959 to the commencement of the plaintiff's action was Commander of the San Antonio Air Material area and was a regular patron and user of the golf course. Hudnell and plaintiff had differences relative to the operation of the course, some of the Commanding Officer's objections being similar to those made by Stone. As a result of these differences between the Civil Service employee and his military superiors plaintiff was released on November 18, 1961, after almost eleven years' service, when a reduction in force order, giving Hudnell discretion to eliminate various positions at Kelly Air Force Base for administrative economy, presented Hudnell with the opportunity to abolish plaintiff's job even though plaintiff's release from employment had not been recommended by plaintiff's then supervisor, Captain Nye, and the usual and customary procedure when action was to be taken to terminate employment was not followed. The abolition of plaintiff's job position has not resulted in any administrative economy, the budget at the golf course exceeds any golf course budget expended when plaintiff was its manager, within a year of plaintiff's release a new professional was hired who is paid from nonappropriated funds, and civil service employees continue to be employed there. After his release plaintiff appealed to the Civil Service Commission which denied him any relief. Therefore, he has exhausted his administrative remedies, despite the fact that investigations of him and his work by the Civil Service Commission and the Army Inspector-General's Office allegedly have uncovered no violation of Civil Service Regulations. On the basis of these allegations of fact plaintiff claims " * *

---

* Of the Second Circuit, sitting by designation.

that Plaintiff's position as Civil Service Golf Course Manager was abolished not for economy reasons or for the non-essential aspect of the job in carrying out the United States Air Force mission or the mission of the San Antonio Air Material Area but because of the personal animosity and the malicious and fraudulent acts and actions of" defendants, and he seeks from them recoveries for the loss of his wages and for exemplary damages.

Pursuant to 28 U.S.C. § 1442(a) the state action was removed to the United States District Court for the Western District of Texas by the United States Attorney for that district, and a motion to dismiss was filed, stating *inter alia,* that the defendants were government officials who were acting at all times under color of their offices and were immune from personal liability to plaintiff.

The trial court granted the motion and dismissed plaintiff's action with prejudice. Plaintiff appeals from this final order. We treat the motion as one filed under Rule 12(b) (6) Fed.R.Civ.P., seeking dismissal on the ground that, taking the allegations in the complaint most favorably to the plaintiff, plaintiff has failed to state any claim upon which he can obtain relief. Indeed, the case on appeal has assumed that posture. We affirm the district court.

 It is axiomatic that a motion to dismiss an action for failure to state a claim upon which relief can be granted admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts. Thus, in deciding such a motion, the court views the allegations of the complaint in the light most favorable to the plaintiff, accepting as true all facts well pleaded. See 1A Barron & Holtzoff, Federal Practice and Procedure § 350 (1960 Rules ed., Wright revision).

 Though one's curiosity is aroused as to what proof, if any, in support of the civilian plaintiff's allegations of the wilful and malicious conduct of the military officers toward him would be adduced at a trial if plaintiff were entitled to reach trial, it is obvious that, as plaintiff continued to be employed for a full year after the transfer of defendant Stone from Kelly Air Force Base, the abolition of plaintiff's civilian Civil Service position cannot with reason be charged to any action taken by defendant Stone even though, prior to his transfer, Stone may have wished the plaintiff ill. But even if, during Stone's supervision of the plaintiff, Stone had maliciously and fraudulently filed damaging reports concerning him or his work, plaintiff could not recover from Stone for the damage plaintiff might have thereby suffered, for the filing of reports relative to the operations of the golf course would have been well "within the outer perimeter of [Stone's] line of duty," as plaintiff's supervisor. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959).

 As to Major-General Hudnell's alleged liability, plaintiff sets forth in his complaint that the positions at Kelly Air Force Base to be eliminated were to be *"within the discretion"* of Major-General Hudnell. Clearly, that being so, as we said in De Busk v. Harvin et al., 212 F.2d 143, 147 (5 Cir. 1954), where a discharged federal employee sought damages from supervisors on the alleged ground that his discharge was improperly motivated, " * * * the legal sufficiency of the claim for damages does not properly hinge upon any subjective inquiry into appellees' intent in causing appellant's dismissal, but is based upon objective considerations of a public policy designed to protect public officials from undue harassment by civil litigation for acts committed by law to their control or supervision, and within the scope of their duties and authority. (Citing cases)." And see Chafin v. Pratt, 358 F.2d 349 (5 Cir. 1966).

Affirmed.