Michael E. **THURSTON**, Plaintiff,

v.

**SETAB COMPUTER INSTITUTE**, Chase Manhattan Bank, National Association, Federated Department Stores, Inc., New York State Department of Education, Strategic Systems Inc., and Setab Computer Institute Inc., Radio Corporation of America, and International Business Machines Inc., Defendants.

**No. 69 Civ. 1425.**

United States District Court
S. D. New York.

June 25, 1969.

Michael E. Thurston, pro se.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Radio Corp. of America.

Cravath, Swaine & Moore, New York City, for defendant International Business Machines Corporation.

MEMORANDUM

TENNEY, District Judge.

Defendants Radio Corporation of America and International Business Machines Corporation move, pursuant to Fed.R.Civ.P. 12(b) (6), 12(h) (2) to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted and for failure to comply with Fed.R.Civ.P. 8(a), 9(b). A substantially similar motion made by de-

fendants Setab Computer Institute, the Chase Manhattan Bank and the New York State Department of Education has been granted by order of Judge Edward C. McLean of this court. Thurston v. Setab Computer Institute et al., 69 Civ. 1425 (S.D.N.Y., filed June 16, 1969).

A complaint attacked by motion to dismiss under Fed.R.Civ.P. 12 is entitled to liberality of construction. Bound Brook Water Co. v. Jaffe, 284 F. Supp. 702, 708–709 (D.N.J.1968). There is no requirement under the Federal Rules that the complaint either state a cause of action, Michael v. Clark Equip. Co., 380 F.2d 351, 352 (2d Cir. 1967), or allege the detailed facts which support the claims raised therein. Austin v. House of Vision, Inc., 385 F.2d 171, 172 (7th Cir. 1967). All that is required of a complaint is that it state a claim upon which relief can be granted. Michael v. Clark Equip. Co., *supra.*

Albeit this liberal construction given pleadings in the federal courts, the Rules do contemplate some factual statement in support of the claim. Huey v. Barloga, 277 F.Supp. 864, 871–872 (N.D. Ill.1967). A brief, plain statement sufficient to notify the defendant of the theory of plaintiff's claim and the grounds which support it, adequate to evoke an intelligent responsive pleading, will suffice. Austin v. House of Vision, Inc., *supra*; Leas v. General Motors Corp., 278 F.Supp. 661, 663 (E.D.Wis. 1968); Bound Brook Water Co. v. Jaffe, *supra*; Marine Leasing Serv., Inc. v. S. & W. Barge Lines, Inc., 42 F.R.D. 659, 660 (N.D.Miss.1967).

Plaintiff's amended complaint, however, fails to allege sufficient facts which can support a claim upon which relief can be granted. There is no indication of what relationship, if any, plaintiff has to these defendants and what specific acts of the defendants sup-posedly resulted in his injury. As was noted in Eli E. Albert, Inc. v. Dun & Bradstreet, Inc., 91 F.Supp. 283, 284 (S.D.N.Y.1950): "[I]t is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Willems v. Barclays Bank D.C.O., 263 F.Supp. 774, 776 (S.D.N.Y.1966).

Sentences 1, 2, 5 and 7 of plaintiff's amended complaint are apparently an attempt to aver violations of the antitrust laws. However, there is no indication that plaintiff was engaged in a business or possessed property which was subjected to injury as a result of any acts committed by the defendants. This Court cannot test a pleading which merely copies some of the words of a statute, the violation of which is the alleged basis of the complaint. Crest Auto Supplies, Inc. v. Ero Mfg. Co., 360 F.2d 896, 902 (7th Cir. 1966). "To state a cause of action under the anti-trust laws, specific facts must be stated showing that the statutes have been contravened and that as a consequence injury has resulted to the party complaining." Reliable Mach. Works, Inc. v. Furtex Mach. Corp. of America, 11 F.R.D. 525, 526 (S.D.N.Y.1951).

The numerous references in the amended complaint to fraudulent conduct by defendants are insufficient under Fed.R.Civ.P. 9(b) which requires that "the circumstances constituting fraud * * * shall be stated with particularity." Chicago Title & Trust Co. v. Fox Theatres Corp., 182 F.Supp. 18, 31 (S.D.N.Y.1960).

Accordingly, and for the reasons stated herein, the amended complaint is dismissed.

So ordered.