**WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a Division of Westinghouse Electric Corporation, Appellant,**

v.

**WESLEY CONSTRUCTION COMPANY et al., Appellees.**

**No. 25410.**

United States Court of Appeals
Fifth Circuit.

Aug. 19, 1969.

Rehearing Denied Oct. 6, 1969.

Eugene C. Heiman, Richard E. Reckson, Heiman & Crary, Miami, Fla., for appellant.

Clyde Trammell, Jr., Wesley G. Carey, Edward A. Perse, Patton & Kanner, Miami, Fla., for appellees, Wesley Const. Co. and Aetna Cas. & Sur. Co.

Carey, Dwyer, Austin, Cole & Selwood, Miami, Fla., for Continental Cas. Co.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

SINGLETON, District Judge:

This is an appeal from the District Court's order dismissing appellant's complaint against each of three appellees for failure to state a claim upon which relief could be granted. Based upon the allegations contained in appellant's complaint and the action taken in the Court below, the history of the case may be summarized briefly as follows.

In June of 1963, Wesley Construction Company (Wesley), as prime contractor, entered into a contract with Florida Light & Power to construct a general office building in Dade County, Florida. Wesley in turn contracted with Diplomat Electric, Inc. (Diplomat), a subcontractor to have Diplomat install electrical equipment in the building. Thereafter, Wesley obtained from Aetna Casualty & Surety Company (Aetna) a performance and payment bond, and Diplomat obtained a contract bond from Continental Casualty Company (Continental). Between January 13, 1964 and December 31, 1964, appellant delivered and furnished over $100,000.00 worth of electrical equipment to Diplomat. After Diplomat failed to pay for the equipment, appellant filed the instant action on January 19, 1966 against Wesley, Aetna, Continental, and Diplomat seeking recovery for the full amount of the electrical equipment supplied to Diplomat.

Although copies of the Aetna and Continental bonds were attached to the complaint, appellant stated that it had been unable to obtain copies of the Wesley-Florida Light & Power and Wesley-Diplomat contracts. Upon information and belief, it was alleged that the Wesley-Florida Light & Power contract obligated Wesley to pay for *all* materials used in the construction of the building. No comparably specific allegation was made concerning the contents of the Wesley-Diplomat contract, although appellant appears to have consistently maintained that this contract obligated Diplomat to pay for materials obtained by it and used in the construction of the building. Appellant contended that it was entitled to recover from Wesley on the ground that it was a third party beneficiary to the Wesley-Florida Light & Power contract, and that it was entitled to recover from Aetna and Continental as a third party beneficiary to the bonds since each of the bonds incorporated the provisions of the underlying contracts.

Before filing an answer, each of the appellees filed motions to dismiss for failure to state a claim, and these motions were submitted to the Court on the basis of the pleadings alone. On May 31, 1966, the Court entered an order granting each of the motions, holding that as a matter of law, appellant was not a third party beneficiary to any of the contracts or bonds sued upon.[1]

In its complaint, appellant alleged that the Wesley-Florida Light & Power con-

---

[1] As in all cases such as this which involve matters of state law, we accord great weight to the interpretation by the trial judge as to the law of his own state concerning which he has had long experience. MacGregor v. State Mutual Life Assurance Co., 315 U.S. 280, 281, 62 S.Ct. 607, 86 L.Ed. 846 (1942); Ferran v. Illinois Central Railroad Co., 293 F. 2d 487, 489 (5th Cir. 1961); Sudderth v. National Lead Co., 272 F.2d 259, 263 (5th Cir. 1959). However, an order granting a motion to dismiss for failure to state a claim, whether involving a question of state or federal law, cannot be sustained unless it appears to a certainty that under no set of facts which could have been proved in support of the claim would the appellant have been en-

titled to no relief. See, e. g., Bobby Jones Garden Apartments, Inc v. Suleski, 391 F.2d 172, 174 (5th Cir. 1968); Barber v. Motor Vessel "Blue Cat," 372 F.2d 626, 627 (5th Cir. 1967); Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957). Applying this test to the action of the District Court, we are of the opinion that the District Court's judgment does not pass muster and that the case must be reversed and remanded. In doing so, however, we do not necessarily express any disagreement with the District Court's interpretation of Florida law, for our reversal is dictated by the fact that the District Court relied upon matters which do not appear of record.

tract obligated Wesley to pay for *all* materials furnished in the construction of the building and that since it had not been paid, Wesley had breached this provision of the contract. In its memorandum opinion, however, the District Court determined that even though the Wesley-Florida Light & Power contract obligated Wesley to pay for all materials "directly or indirectly furnished for the construction" that this language in the contract was intended solely for the benefit of Florida Light & Power and thus appellant had no cause of action as a third party beneficiary to the contract. After diligently searching the record in the case, we have been unable to discover the contract which the Court purported to construe. Without the contract, it is impossible to ascertain what the terms of the contract were, much less whether viewing the contract as a whole, it was intended for the benefit of third parties such as appellant. Under Rule 12(b) of the Federal Rules of Civil Procedure when the District Court, as here, considers matters outside the pleadings on a motion to dismiss, the motion must be treated as one for summary judgment. See also Continental Motors Corp. v. Continental Aviation Corp., 375 F.2d 857 (5th Cir. 1967); Georgia Southern & F. Railway Co. v. Atlantic Coast Line Railroad Co., 373 F.2d 493 (5th Cir. 1967); General Guaranty Ins. Co. v. Parkinson, 369 F.2d 821 (5th Cir. 1966). Without the Wesley-Florida Light & Power contract in the record, there is no basis to support the District Court's judgment in regard to Wesley.

Although appellant's theory of recovery against Aetna and Continental is much more elaborate and is somewhat tenuous, we feel that the District Court's holding in regard to these two appellees is tainted by the same infirmity that affects its holding in regard to Wesley. On its face the Aetna bond obligated Aetna to Florida Light & Power and all those persons furnishing materials to Wesley in the construction of the building. The bond, however, also in-corporated the underlying Wesley-Florida Light & Power contract by reference and was conditioned as follows:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the said principal shall fully indemnify the owner from and against any failure on his part faithfully to perform the obligations imposed upon him under the terms of said contract free and clear of all liens arising out of claims for labor and material entering into the work, and if the said principal shall pay all persons who shall have furnished labor or material directly to the principal for use in the prosecution of the aforesaid work, each of which such persons shall have a direct right of action on this instrument in his own name, and for his own benefit, subject however to the owner's priority, then this obligation to be void, otherwise to remain in full force and effect. * * * "

Likewise, the Continental bond incorporated the underlying Wesley-Diplomat contract by reference and was conditioned as follows:

"Now, therefore, the condition of the above obligation is such that if the above bounden principal shall well and truly keep due and perform each and every, all and singular, the matters and things in said contract set forth and specified to be by the said principal kept, done and performed at the time and in the manner in said contract specified and shall pay over, make good and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be void, otherwise to be and remain in full force and effect."

Although both Aetna and Continental have cited us to numerous cases which they argue support the District Court's holding, we do not and need not determine whether those cases are applicable. That is a question for the District Judge upon remand, for it is apparent from the face of the District

Court's memorandum opinion that its conclusion in regard to the liability of both Aetna and Continental was based on a construction of the two underlying contracts covered by the respective bonds, neither of which appear of record. In regard to Aetna, the District Court determined that Aetna was obligated to pay for all materials directly or indirectly furnished for construction of the building since the contract between Wesley and Florida Light & Power was incorporated into the bond by reference. However, the Court denied liability on the bond on the ground that the provision in the contract which was incorporated into the bond was not designed for the benefit of third parties such as appellant. In regard to Continental, the District Court also determined that, construing the contract and the bond together, appellant was not a third party beneficiary to the contract or the bond. Without the contracts in the record, there is no basis to support the District Court's judgment in regard to either Aetna or Continental.

Each of the appellees have also argued that in any event the judgment of the District Court should be affirmed because appellant failed to set forth in its complaint certain essential facts enumerated by the appellees. Specifically, appellees contend that the District Court's judgment should be affirmed because appellant failed to allege that it had a lien on the Florida Light & Power property or that it had a right to a lien and had taken the necessary steps to protect it. We are of the opinion, however, that such detailed pleading of specific facts is not required by the Federal Rules. In Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed. 2d 80 (1955), the Supreme Court rejected a similar contention with the following language:

"The respondents also argue that the complaint failed to set forth specific facts to support its general allegations * * * and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give * * * fair notice of what the plaintiff's claim is and the grounds upon which it rests. * * * Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. * * * Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principal that the purpose of pleading is to facilitate a proper decision on the merits."

We feel that under this standard appellant's allegations were more than sufficient to withstand a motion to dismiss.

Therefore, for the foregoing reasons the judgment of the District Court is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.