**INTERNATIONAL BANK OF MIAMI, Plaintiff,**

v.

**BANCO de ECONOMIAS y PRESTAMOS, Defendant.**

**Civ. No. 404–71.**

United States District Court, D. Puerto Rico.

Feb. 9, 1972.

Luis F. Gomez, of McConnell, Valdés, Kelley, Sifre, San Juan, P. R., for plaintiff.

Ernesto A. Meléndez, Pérez González, Jr., González Oliver, Blanco-Lugo & Morán, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This cause is before us on a motion to dismiss [1] which alleges that plaintiff's complaint fails to state a claim against the defendant upon which relief can be granted.[2] Extensive memoranda of law and exhibits were filed by both parties to the action.

Plaintiff's complaint alleges in substance that during the month of November 1970, and in the regular course of business, it received twenty-four (24) checks totalling the sum of $138,472.90, issued against several accounts of defendant bank.[3] Plaintiff further alleges that, without delay and following accepted banking procedures, it forwarded the mentioned checks through its correspondent banks to defendant, who received them at the Puerto Rico Clearing House. It is further contended that the defendant retained the checks for over one week and after said period refused payment of the checks to plaintiff. The plaintiff also contends that acceptable banking practices as well as the negotiable instruments law and the prevailing banking regulations require that a bank which receives a check at the clearing house must accept or reject [4] the same within twenty-four (24) hours and that a retention beyond that period is an acceptance of the check. By having the defendant retain the checks for over one week, refusing payment of the checks afterwards, plaintiff alleges the defendant has caused it damages, for the plaintiff, relying on the law, regulations and

---

1. The defendant has not stated upon which rule of the Rules of Civil Procedure, Title 28, United States Code, defendant has filed its Motion to Dismiss. The Court takes it to be filed under Rule 12(b) (6).

2. Defendant's motion to dismiss asserts that plaintiff's complaint fails to "state any cause of action whatsoever against defendant". This Court has changed defendant's assertion to that of "fails to state a claim against the defendant upon which relief can be granted" for as this Court has said before in García v. Hilton Hotels International, 97 F.Supp. 5 (1951).
 "The motion to dismiss contemplated in Fed.Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.A., is not concerned with failure of the pleader to state a cause of action, but only with failure to state a claim upon which relief can be granted. There is an obvious distinction between stating a cause of action and stating a claim upon which relief can be granted. It is clear from the terms of rule 8(a) that a pleader is required to set forth only 'a short plain statement of the claim showing that the pleader is entitled to relief,' and there is no pleading requirement that the pleader state a cause of action upon peril of having his complaint dismissed.
 'If a claim is stated which shows that the pleader is entitled to relief, it is enough to require the service of a responsive pleading; whether a cause of action can be and has been established is for the determination of the trial judge.' Van Kirk v. Campbell, D.C., 7 F.R.D. 231, 232. In Dioguardi v. Durning, 139 F.2d 774, at page 775, the Court of Appeals of the Second Circuit said; '* * * Under the new rules of civil procedure, there is no pleading requirement of stating "facts sufficient to constitute a cause of action," but only that there be "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c; and the motion for dismissal under Rule 12(b) is for failure to state "a claim upon which relief can be granted" '."
 See also the decision of Thurston v. Setab Computer Co. (D.C.N.Y.1969), 48 F.R.D. 134, at 135.

3. Plaintiff's memorandum of law in opposition to defendant's motion to dismiss states that the maker of the checks in addition to being a depositor at the defendant bank, was also a depositor of plaintiff bank, so that in effect the same person was doing business with both parties to this action.

4. Defendant's memorandum of law supporting his motion to dismiss contends that the checks were presented to the defendant for payment and not for acceptance, as plaintiff contends, thus making inapplicable Section 245 of the Uniform Negotiable Instruments Act of Puerto Rico, Title 19, Laws of Puerto Rico Annotated. See also footnote number 7.

business practices and after a reasonable time, allowed the withdrawal of the funds represented by the checks drawn upon accounts in the defendant bank.

Defendant's motion to dismiss the complaint basically contends that at the time the twenty-four (24) checks were presented [5] to the defendant, there was an agreement [6] between all banking institutions doing business in Puerto Rico, whereby each and every such bank gave defendant a period of five days in which to return to presenting banks the unpaid items. It further contends that the twenty-four (24) hour period which serves as a basis for plaintiff's complaint is not applicable in Puerto Rico, and therefore, to this case.[7] Furthermore, defendant contends that even if the court were to consider the twenty-four (24) hour period, is applicable to demand items presented for payment,[8] the court would, nevertheless, have to find that there was never an acceptance of such items under the provisions of Section 246 of Title 19, Laws of Puerto Rico Annotated, since the holders of said items, Banco Crédito y Ahorro Ponceño

and Chase Manhattan Bank, allowed the defendant a period of five (5) days during which to return the unpaid items.[9] Defendant further contends it has no relation, privity or connection with plaintiff in regard to the aforesaid checks; and that any communication between the defendant and another bank related to the twenty-four (24) checks involved herein were communications with Banco Crédito y Ahorro Ponceño and Chase Manhattan Bank, among which the agreement [10] was binding, valid and effective at the time the defendant returned said checks.

The plaintiff filed a motion in opposition to defendant's motion to dismiss the complaint contending that there is no "agreement" and that even if the exhibit attached to defendant's motion and labeled "agreement", were to be considered valid and effective, the defendant did not comply with its provisions. In the brief in support of plaintiff's motion in opposition, it is contended that variations to the twenty-four (24) hour period expressed in Section 246 of the Uniform Negotiable Instruments Act, Title

5. Ibid.

6. Defendant has attached to its motion and marked as Exhibit A, a copy of the minutes of a meeting held, by the Operations Committee of the Puerto Rico Banking Association, on August 27, 1969, which under paragraph 4 states as follows:
"It was approved that the checks drawn on Banco de Economías y Préstamos de San Germán, drawn either on the Metropolitan Area branch or the Island branches, will be accepted when returned within a period of five working days including in such period the day the item was deposited. This will be a temporary agreement and all member banks will be notified when discontinued."

7. See footnote number 3. The mentioned 24-hour period is the one contained in Sections 245 and 246 of the Uniform Negotiable Instruments Act, Title 19, Laws of Puerto Rico Annotated.
Section 245 of said law provides:
The drawee is allowed twenty-four hours after presentment, in which to

decide whether or not he will accept the bill; but the acceptance if given, dates as of the date of presentation."
Under Section 246, it is provided:
Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill accepted or nonaccepted to the holder, he will be deemed to have accepted the same."

8. We have already said that defendant contends the items presented to it were demand items presented for payment and not items presented for acceptance. See footnote number 3.

9. This contention is predicated upon the alleged "agreement" between the defendant bank and other banks among which it is said that are included the Banco Crédito y Ahorro Ponceño and the Chase Manhattan Bank. See footnote number 5.

10. See footnote number 5.

19, Laws of Puerto Rico Annotated, can be altered. Any variations are said to be usually manifested in the rules of the Clearing House used by banks to facilitate their business. It is further stated that there is in existence a Clearing House Association Agreement,[11] supervised by the Government Development Bank. It is expressed in plaintiff's memorandum that Regulation No. 3 of the Clearing House Association provides that when an item is presented to a bank for payment through the Clearing House, the retention period shall be two (2) days for those banks handling their demand deposits accounting at a metropolitan office and for those handling their demand deposit accounting at a non-metropolitan office, the retention period is three (3) days. Thus, plaintiff contends that the defendant has failed to comply with the Rules and Regulations of the Clearing House of which it is a member. In relation to the twenty-four (24) hour period established by the Uniform Negotiable Instruments Act of Puerto Rico, Title 19, Laws of Puerto Rico Annotated, Sections 245 and 246,[12] plaintiff contends that if it does not apply to the facts of this case as defendant contends, then the checks involved herein were payable on demand and no period of time need be given to the bank upon which it is drawn, relying on Guardian National Bank v. Huntington County State Bank (Appellate Court of Indiana 1931), 178 N.E. 574. As to the alleged agreement,[13] which defendant contends is applicable and determinative of the case, the plaintiff contends that the defendant failed to comply with it, for each and every check involved in this case were retained by the defendant for a period exceeding the five working days mentioned in the purported "agreement".[14] In regard to the alleged absence of privity, or relation between the parties to this action in reference to the twenty-four (24) checks, it is plaintiff's contention that it deserves no mention for, although the defendant asserts this position in his motion to dismiss, in its memorandum of law it, nevertheless, takes the position that there is a relationship between plaintiff and defendant in view of the fact that plaintiff dealt with the defendant through its agents, Banco Crédito y Ahorro Ponceño and Chase Manhattan Bank.

■ A motion to dismiss for failure to state a claim can serve a useful purpose by disposing of legal issues with a minimum of time and expense to the interested parties. Hiland Dairy, Inc. v. Kroger Co. (8 Cir. 1968), 402 F.2d 968, cert. den. 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748. But see Rennie & Laughlin, Inc. v. Chrysler Corporation, 242 F.2d 208 (1957), where the Ninth Circuit Court of Appeals, at pages 212–213, Judge Barnes speaking for the Court, said what the Court believes reflects a proper perspective:

"* * * As stated in Gruen Watch Co. v. Artists Alliance, 9 Cir., 191 F.2d 700, 705,

"On occasion motions to dismiss supply a useful technique for the prompt disposition of suits, and the Federal Rules of Civil Procedure which permit judgment on the pleadings are useful indeed. But it must be borne in mind that in many

---

11. Copies of the Articles of Association and Regulations No. 1, 2, 3, 4, 5 and 6 of the Puerto Rico Clearing House Association is annexed to plaintiff's memorandum of law in support of his motion in opposition to defendant's motion to dismiss. It is stated by plaintiff that these regulations were revised on September 11, 1970 and are currently in effect.

12. See footnote number 6.

13. See footnote number 5.

14. Plaintiff's memorandum expresses that the checks were retained by defendant for five days, excluding the day of deposit; a conduct which plaintiff contends violates even the special concession that defendant is supposed to have received under the so called "Agreement".

a suit such a motion cannot take the place of submission of evidence and of findings of fact and conclusions of law."

Nor is a motion to dismiss the only effective procedural implement for the expeditious handling of legal controversies. Pretrial conference; the discovery procedures; and motions for a more definite statement, judgment on the pleadings and summary judgment, all provide useful tools for the sifting of allegations and the determination of the legal sufficiency of an asserted claim. The salvaged minutes that may accrue from circumventing these procedures can turn to wasted hours if the appellate court feels constrained to reverse the dismissal of an action. That is one of the reasons why a motion to dismiss is viewed with disfavor in the federal courts. Another is the basic precept that the primary objective of the law is to obtain a determination of the merits of any claim; and that a case should be tried on the proofs rather than the pleadings. DeLoach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380. This is not to say or imply that a motion to dismiss should never be granted. It is obvious that there are cases which justify and indeed compel the granting of such motion. The line between the totally unmeritorious claims and the others cannot be drawn by scientific instruments but must be carved out case by case by the sound judgment of trial judges. That judgment should be exercised cautiously on such a motion."

The purpose of a motion to dismiss under Rule 12(b) (6) of the Federal Rules of Civil Procedure,[15] Title 28, United States Code, is to test the formality of the statement of the claim for relief, that is, the legal sufficiency of the complaint. See Pointer v. American Oil Co. (D.C.Ind.1969), 295 F.Supp. 573; Bing v. General Motors Acceptance Corp. (D.C.S.C.1965), 237 F.Supp. 911; Travel Magazine, Inc. v. Travel Digest, Inc. (D.C.N.Y.1961), 191 F.Supp. 830. That is why it is necessary that a motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure be read in conjunction with Rule 8(a) of the same rules;[16] for the court's inquiry is directed to whether the allegation in the complaint constitutes a statement of a claim in accordance with the last mentioned rule. Only when the pleadings fail to meet this liberal standard enunciated in Rule 8(a) is the complaint subject to dismissal under Rule 12(b) (6). Tenopir v. State Farm Mutual Company (9 Cir. 1968), 403 F.2d 533.

The test most often applied to determine the sufficiency of a complaint was set out in the leading case of Conley, et al. v. Gibson, et al., 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), in which the Supreme Court, Justice Black speaking for the court stated at pages 45–46, 78 S.Ct. at page 102, the following:

" * * * In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

---

15. Rule 12(b) of the Federal Rules of Civil Procedure reads in the pertinent part: "Every defense, in law or fact, to a claim for relief in any pleading * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure of the pleading to state a claim upon which relief can be granted * * * ".

16. Rule 8(a) of the Federal Rules of Civil Procedure, Title 28, United States Code, reads in the pertinent part: "A pleading which sets forth a claim for relief * * * shall contain * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *." To satisfy this rule the complaint need only set a generalized statement of facts from which a defendant will be able to frame a responsive pleading. See Wright

his claim which would entitle him to relief." [17]

 A defendant who presents a motion to dismiss admits, for the purposes of the motion, all the well pleaded material allegations of the complaint, but does not admit any conclusion of law or unwarranted deductions of fact made from them. Hiland Dairy, Inc. v. Kroger Company, supra; Ward v. Hudnell (5 Cir. 1966), 366 F.2d 247; Pauling v. McElroy (C.A.D.C.1960), 278 F.2d 252; Smith v. U. S. (D.C.Del.1953), 113 F. Supp. 131. Thus, in deciding such a motion, the Court views the material allegations of the complaint in the light most favorable to the plaintiff and its allegations are taken as true, except for the legal conclusions or unwarranted deductions made by the pleader. Olpin v. Ideal National Insurance Co. (10 Cir. 1969), 419 F.2d 1250, cert. den. 397 U.S. 1074, 90 S.Ct. 1522, 25 L.Ed. 2d 809; Ward v. Hudnell, supra; Dunn v. Gazzola (1 Cir. 1954), 216 F.2d 709; U. S. ex rel. Smith v. Heil (D.C.Pa. 1970), 308 F.Supp. 1063; Sinchak v. Parente (D.C.Pa.1966), 262 F.Supp. 79; García v. Hilton Hotels International, supra.

 In determining whether to grant a motion to dismiss, the court has a wide range of discretion. Sun Cosmetic Shoppe, Inc. v. Elizabeth Arden Sales Corp. (D.C.N.Y.1948), 81 F.Supp. 547; United States v. Carolina Warehouse Co. (D.C.S.C.1945), 4 F.R.D. 291; Perry v. Creech Coal Co. (D.C.Ky.1944), 55 F.Supp. 998. Nevertheless, this motion is ordinarily granted sparingly and cautiously in order to make certain that a plaintiff is not improperly denied a right to have his claim adjudicated on the merits. Dann v. Studebaker-Packard Corp. (6 Cir. 1961), 288 F.2d 201; Pessin v. Keeneland Association (D.C.Ky. 1968), 45 F.R.D. 10; Reeser v. Philadelphia National League Club (D.C.Pa. 1949), 84 F.Supp. 947. That is why the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. Madison v. Purdy (5 Cir. 1969), 410 F.2d 99; Dann v. Studebaker-Packard Corp., supra; Pessin v. Keeneland Association, supra; García v. Hilton Hotels International, supra.

 From the above enunciated general principles of law it can be seen that whenever a court entertains a motion to dismiss filed pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, the court has to determine whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief.

 Assuming all the well pleaded facts in the complaint to be true and viewing the allegations in the complaint in the light most favorable to the plaintiff, this court cannot say that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Couley v. Gibson, supra. In this case, enough has been alleged to give the defendant a fair notice of the basis of plaintiff's claim. Ballou v. General Electric Company, supra.

After having read the memoranda of law and the exhibits attached, which both parties have submitted, this Court is of the opinion that what the defendant desires, and have forced the plain-

---

and Miller, Federal Practice and Procedure, Sections 1215–1226, pages 108 et seq., 1969 ed.

17. This test has also been applied in Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) ; Westinghouse Electric Supply Co. v. Wesley Construction Co. (5 Cir. 1969), 414 F.2d 1280; Ballou v. General Electric Company (1 Cir. 1968), 393 F.2d 398; De Witt v. Pail, (9 Cir. 1966), 366 F.2d 682; Thompson v. Brotherhood of Sleeping Car Porters (4 Cir. 1963), 316 F.2d 191; Securities & Exchange Commission v. Quing N. Wong (D.C.Puerto Rico 1966), 252 F.Supp. 608. See also Wright & Miller, Federal Practice and Procedure, Section 1357, page 600, note 72, 1969 ed.

tiff to do, is to raise at the pleading stage issues which should not be raised until after the responsive pleadings and the discovery proceedings are terminated. Defendant will have ample opportunity to resort to interrogatories, depositions, discovery and summary judgments or pretrial conference procedures during the progress of this litigation, which will be sufficient to enable it to ascertain the facts and also will result in a more expeditious disposition of the case. Bank of Nova Scotia v. San Miguel (D.C.Puerto Rico 1949), 9 F.R.D. 171. A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedures is not to be used as a discovery procedure nor in order to raise issues for trial.[18]

It is not our purpose in stating what basically are the facts asserted and legal issues raised by the parties, to chart the future of this litigation; but to reflect the condition of the case before the court and to make use of the general rules of law governing the immediate consideration herein in relation to the reflected condition.

In view of the foregoing, it is the opinion of this Court that the complaint herein states a cause of action in conformity with Rule 8(a) of the Federal Rules of Civil Procedure.

Therefore, it is ordered, adjudged and decreed, that defendant's motion to dismiss be and the same is hereby denied; and

It is further ordered, adjudged and decreed, that defendant enter a responsive pleading in this matter within twenty (20) days following the day of the entering of this order.

18. The Court has not elected, in view of the facts that matters outside the pleadings have been presented to it, to consider said matters and the motion to dismiss as one for summary judgment to be disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. See Rule 12(b) of the Federal Rules of Civil Procedure.