**PRESSURE CLEAN, INC., Plaintiff,**

v.

**PARTEK CORPORATION OF HOUS-TON et al., Defendants.**

Civ. No. 813–71.

United States District Court,
D. Puerto Rico.

Jan. 26, 1973.

Roy J. Cohen, Hato Rey, P. R., for plaintiff.

Harry Woods, Santurce, P. R., for defendants.

**1212**

## ORDER

TOLEDO, District Judge.

The plaintiff in this action, Pressure Clean, Inc. (hereinafter Pressure Clean), alleges that it was induced into buying certain defective high pressure water cleaning devices from the defendants herein, as a result of defendants' fraudulent representations concerning said equipment. Partek Corporation of Houston (hereinafter Partek) and Henry R. Jahn & Son, Inc. (hereinafter Jahn), have duly filed an answer to this complaint, and the question presently before us, presented by way of motion to quash service and to dismiss, involves whether Morris Wolfe (hereinafter Wolfe), as President and Director of Partek at all times relative to plaintiff's complaint, as appears from affidavits in the record, is subject to the jurisdiction of this Court.

Taking all of plaintiff's allegations as true for purposes of this motion to quash service and to dismiss, International Bank of Miami v. Banco de Economías y Préstamos, D.C., 55 F.R.D. 180 at 186, it appears from the record now before us that during the time Pressure Clean was in its formative stages, its officers had occasion to visit the home offices of Partek in Houston, Texas, concerning the possibility of Pressure Clean's buying the aforementioned cleaning devices from Partek. It was at this time that Wolfe, as President of Partek, personally made the alleged representations concerning the Partek equipment to Pressure Clean's officers which he knew to be false and inaccurate. As a consequence of this particular representation by Wolfe, and others made by Partek officials which it is alleged Wolfe knew and approved of, Pressure Clean entered into a franchise agreement for the distribution of Partek products in various areas of the Caribbean and South America with Partek's export agent Jahn (Pressure Clean's request that its franchise agreement with Partek be rescinded is not up for consideration within the present motion to quash service and to dismiss).

Once the business relationship was established between Pressure Clean and Partek, the former purchased from the latter on different occasions; first 3 and then 5 water cleaning devices. Shortly thereafter, problems developed with respect to the proper functioning of these machines, and this was brought to the attention of Partek who at first was cooperative in trying to help solve them. As the problems continued to increase, however, Partek became increasingly uncooperative until finally they rendered Pressure Clean no assistance at all in trying to cure the machines' defects.

As appears from the record, the only other direct contact which Wolfe had personally with this transaction took place in January of 1970, when on a visit to Puerto Rico for the purpose of trying to assist Pressure Clean in the demonstration of Partek equipment, he sharply rebuked his own employee for telling officers of Pressure Clean that the water cleaning devices suffered from engineering defects. Plaintiff claims this action is a perpetuation of the fraudulent representation Wolfe made to Pressure Clean back in Houston, supra, which induced the original purchase of this machinery. The point of law which this Court is called upon to decide now involves whether such conduct on the part of Morris Wolfe renders him vulnerable personally to this Court's jurisdiction under Rule 4.7 of the Rules of Civil Procedure of Puerto Rico.

Morris Wolfe has filed an affidavit to the effect that he neither lives in Puerto Rico, does business here in any personal capacity, belongs to no civic clubs here —in short that there is nothing which can connect him personally with the jurisdiction of this Court.

Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, reads in its pertinent part here:

"(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said

nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

1) Such person or his agent carries out business transactions within Puerto Rico;

or

2) Executes by himself or through his agent, tortious acts within Puerto Rico;

or

. . ."

This Court need not decide whether in relation to the present action Partek and Jahn have done business within Puerto Rico for purposes of obtaining jurisdiction over them under Rule 4.7(a)(1) of the Rules of Civil Procedure of Puerto Rico. Partek and Jahn have answered the complaint, and in so doing, have answered the question for us. In order for Morris Wolfe to be drawn outside the panoply of Partek's corporate veil, it must be shown that, while doing business for Partek, he made certain fraudulent representations concerning Partek's products, that these representations were relied on by the plaintiff who later suffered damages as a result thereof, thus the tort, and finally that the alleged false representations were made within Puerto Rico. Rule 4.7(a)(2) specifies that the tort must be committed within Puerto Rico, and no decision by a State Court here has extended this meaning to include, as plaintiff would suggest, an act outside the state that causes tortious injury within the state.

The plaintiff points out Professor Charles Allen Wright suggests such an alternative, 4 Wright & Miller, Federal Practice and Procedure, Section 1069, at 257–65. This Court, however, does not consider this a substitute for State Court decision on the matter. A. H. Thomas Co. v. Superior Court, 98–883 (1970), cited by plaintiff as argument for sustaining jurisdiction, is not on point as that case deals with minimum contacts under Rule 4.7(a)(1) and we are dealing here with obtaining jurisdiction over a non-resident for the commission of a tort under Rule 4.7(a)(2).

 As Morris Wolfe's personal conduct includes, (1) an allegedly false representation made in Texas, and (2) an attitude towards his own employee's conduct which can hardly be called tortious (it comes closer to legitimate business judgment), this Court is of the opinion that the motion to quash service and to dismiss with regard to Morris Wolfe should be granted.

It is so ordered.