The LOUISIANA EDUCATION
ASSOCIATION et al.

v.

The CALCASIEU PARISH SCHOOL
BOARD et al.

Civ. A. No. 770126.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Oct. 18, 1977.

William J. Jefferson, New Orleans, La., for plaintiffs.

Stephen R. Streete, Asst. Dist. Atty., Lake Charles, La., for defendants.

VERON, District Judge:

## RULING ON MOTION

This is an employment discrimination suit brought by the Louisiana Education Association (whose membership is composed principally of substantially all of the black teachers, administrators and school personnel of the public schools of the State of Louisiana) and Wiley Stewart (a black head football coach employed by the Calcasieu Parish school system for over 19 years) against the Calcasieu Parish School Board, and the members of the Calcasieu Parish School Board in their individual and official capacities. Plaintiffs allege that defendants have discriminated against black coaches and black faculty members because of their race and color. This action is brought under 42 U.S.C. Sections 2000e, 1981 and 1983, and as a class action under Rule 23 of the Federal Rules of Civil Procedure. Jurisdiction of this court is also invoked pursuant to Title 28 U.S.C. Sections 1331, 1343(3), 1343(4), 2201 and 2202. Defendants have brought a motion to dismiss asserting that plaintiffs have failed to state a claim upon which relief can be granted, that this action should not be certified as a class action, and that plaintiffs failed to bring this action in a timely manner.

■ Defendants urge that plaintiffs have failed to state a claim upon which relief may be granted and that this action should therefore be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. It is well settled that a motion to dismiss is taken as admitting all facts alleged in the complaint. *Ward v. Hudnell*, 366 F.2d 247, (5th Cir. 1966) and that a court must then construe the facts which are pleaded in the light most favorable to the plaintiff. *Spalitta v. National American Bank of New Orleans*, 444 F.2d 291 (5th Cir. 1971). If (assuming those facts to be true) it appears that a plaintiff may be entitled to relief, then the complaint may not be dismissed. Here, defendants' objections to plaintiffs' complaint are based, to a large extent, upon denial of the allegations made in plaintiffs' complaint. Such denials may be found to be correct when raised during a trial on the merits of this case but are not properly a basis for granting a dismissal under Rule 12(b)(6) at this time. Plaintiffs correctly state that if their allegations are proven to be accurate Title 42 U.S.C. Sections 1981 and 2000e–2 would appear to be potential basis for relief. Under such circumstances the stringent requirements of Rule 12(b)(6) have not been met.

■ Defendants also assert that this complaint cannot properly be brought as a class action because plaintiffs have failed to identify any other members of the class who have been affected by the alleged discrimination, and because plaintiff, Louisiana Education Association (LEA) is not a member of the class which brings this suit and is therefore not a proper representative of the class. As to defendants' first contention, plaintiffs indicate that they have not yet presented a motion to this court to test the propriety of the class action but that such a motion will be brought after some discovery has been undertaken. Since it appears from the face of the complaint that

plaintiffs may, in fact, be able to identify other members of the class which they claim to represent, and since this action is still in the very early stages of development, it would be inappropriate for this court to rule at this time that this case should not proceed as a class action. Should it become apparent in the future that plaintiffs have not identified a class which they can properly represent or that the class which they seek to represent may have interests adverse to those of the plaintiffs this court may reconsider its preliminary decision to allow this case to proceed as a class action.

As to defendants' contention that LEA is not a proper "named plaintiff" with the standing or interests necessary to represent the class,

> "It should be noted . . . that if the action is brought by . . . several representative parties, it only is necessary that one of them be a qualified member of the class as long as the other prerequisites of Rule 23(a) are satisfied." Wright & Miller, *Federal Practice and Procedures*, Sec. 1761 (1972), 586–587.

Indeed, in a case in which the plaintiffs were a black teacher and a teachers' association representing the class of black teachers allegedly discriminated against by a local board of education, the court held that the teachers' association had standing to bring a class action on behalf of its black members. *Arkansas Education Association v. Board of Education*, 446 F.2d 763 (8th Cir. 1971).

Finally, with regard to defendants' assertion that plaintiffs failed to file their complaint within the statutory time limit after the original EEOC decision on this case, plaintiffs' complaint indicates that it was, in fact, filed in a timely manner. To the extent that defendants dispute that part of the complaint this, again, is a question of fact that must be argued and decided as part of a trial on the merits.

For the foregoing reasons defendants' motion to dismiss must be denied.