92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Naum MORGOVSKY and Irina Morgovsky, Plaintiffs-Appellants,
v.
CREDITOR'S COLLECTION SERVICE OF SAN FRANCISCO, dba Premium
Collection Service, a Corp.; Mark Love,
individually and as President of Premium
Collection Service,
Defendants-Appellees.
 No. 95-16127.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Naum and Irina Morgovsky appeal pro se the district court's summary judgment for defendants in their action alleging violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681t ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA"), as well as a state-law claim for intentional infliction of emotional distress.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment, Underwager v. Channel 9 Australia, 69 F.3d 361, 365 (9th Cir.1995), and we affirm in part, reverse in part, and remand.
 
 
 3
 The Morgovskys contend that the district court erred by concluding that their FDCPA claims were barred by the one-year statute of limitations. This contention lacks merit.
 
 
 4
 "An action to enforce any liability created by [the FDCPA] may be brought ... within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). With their motion for summary judgment, defendants submitted an affidavit from their operations manager and a copy of a credit report which established that they reported the Morgovskys' at-issue debt in September of 1990 at the latest date. We conclude that the Morgovskys did not submit sufficient evidence to establish a genuine issue of material fact that their complaint, filed January 1, 1992, was filed within one year from the date on which the violation occured.
 
 
 5
 Accordingly, the district court did not err by granting summary judgment for defendants on the Morgovskys' FDCPA claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Underwager, 69 F.3d at 365.
 
 
 6
 The Morgovskys also contend that the district court erred by granting summary judgment for defendants on their FCRA claim. This contention lacks merit.
 
 
 7
 According to the FCRA, it is permissible to obtain a consumer credit report where the person obtaining the report "intends to use the information in connection with ... collection of an account" of the person who is the subject of the credit report. 15 U.S.C. § 1681b(3)(A). Here, with their motion for summary judgment, defendants submitted an affidavit from their operations manager, an affidavit from an expert in the customary practices of the collection industry, and a copy of their agreement with the consumer reporting agency all of which established that they obtained the Morgovskys' credit report to assist in collecting the Morgovskys' outstanding debt. The Morgovskys submitted no contrary evidence opposing defendants' motion.
 
 
 8
 Accordingly, the district court did not err by granting summary judgment for defendants on the Morgovskys' FCRA claim. See Celotex, 477 U.S. at 323; Underwager, 69 F.3d at 365.
 
 
 9
 Finally, the Morgovskys contend that the district court erred by granting summary judgment for defendants on their state-law claim of intentional infliction of emotional distress. This contention lacks merit.
 
 
 10
 Upon our review of the record, we conclude that the district court did not err by concluding that the Morgovskys failed to establish that defendants had engaged in sufficiently "outrageous" conduct to state a claim of intentional infliction of emotional distress. See Davidson v. City of Westminster, 649 P.2d 894, 901 (Cal.1982); Agarwal v. Johnson, 603 P.2d 58, 67 (Cal.1979).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Morgovskys also alleged a state-law claim for negligent infliction of emotional distress. The district court dismissed this claim without prejudice to filing a similar claim in state court