William H. BRADY, Plaintiff,

v.

The CREDIT RECOVERY COMPANY, INC. and Leslie A. Clark, Defendants.

No. 96–11284–JLT.

United States District Court, D. Massachusetts.

March 18, 1998.

---

Yvonne W. Rosmarin, Arlington, MA, for Plaintiff.

Alan I. Margolies, Dedham, MA, for Defendants.

*Memorandum*

TAURO, Chief Judge.

At issue here is $110 which Plaintiff spent to clear his credit record. Prior to 1990, Plaintiff's former wife leased an apartment but failed to pay $470 in rent. Plaintiff never signed the lease in question, but was named therein as a tenant. The landlord, therefore, attempted to collect the unpaid rent from Plaintiff as well as from his former wife.[1] His efforts were unsuccessful and so he hired Defendant Credit Recovery Company, a collection agency, to recover the asserted debt.

Defendant initiated the collection process by sending Plaintiff a letter requesting payment of the debt. Upon receipt of the letter, Plaintiff phoned Defendant Clark, Credit Recovery Company's president, and told him that he was not liable for the debt because he did not sign the lease. Defendant Clark told him to submit a written letter to dispute the debt. Plaintiff neglected to do so.

Defendants sent two other letters to Plaintiff and made two phone calls to him, none of which drew a response. In 1991, Defendants reported Plaintiff's alleged debt to various credit reporting agencies.

Five years later, in February of 1996, Plaintiff applied for a mortgage to purchase a home. The mortgage company hired a credit agency, First American Credit Services, to check Plaintiff's credit record. Upon learning of the bad credit report, First American called Defendants to inquire about the unpaid debt. Defendant Clark indicated that the debt had not been paid. The mortgage company subsequently informed Plaintiff that it would not approve the mortgage until the debt was resolved.

Plaintiff immediately called Defendants and, once again, told them that he was not

---

1. The landlord considered Plaintiff to be liable for the delinquent rent, notwithstanding the fact that Plaintiff did not sign the lease, for the following reasons: (1) Plaintiff and his former wife jointly applied for the lease; (2) Plaintiff is expressly named in the lease as a tenant; (3) the lease contains a provision that states that the signatory tenant signs the lease on behalf of all other tenants; (4) the landlord approved the lease application, in part, because of Plaintiff's employment as a postal worker; and (5) the landlord regularly observed Plaintiff coming and going from the apartment.

liable for the unpaid rent, as he had not signed the lease. Defendants reiterated their position that he was bound by the lease and liable for the debt.

One month later, Plaintiff's attorney contacted Defendants' attorney, at which time Defendants' attorney advised Defendants to withdraw the bad credit report. Defendants promptly did so. On the same day, Plaintiff was approved for the mortgage.

Thereafter Plaintiff brought this suit against Defendants. In essence, he claims that Defendants misled First American by failing to inform it that Plaintiff disputed the debt. Plaintiff states claims under the Fair Debt Collection Practices Act (the "FDCPA"). He also brings pendant state law claims under M.G.L. c. 93, § 24 *et seq.* & § 50 *et seq.*, and c. 93A. Plaintiff seeks damages for emotional distress, as well as statutory damages, punitive damages, and attorney's fees.

Presently before the court is Defendants' Motion to Dismiss Plaintiff's Complaint.

## I. ANALYSIS

### A. Dismissal Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6) for failure to state a claim is to "test the formality of the statement of the claim for relief." *International Bank of Miami v. Banco De Economias Y Prestamos,* 55 F.R.D. 180, 185 (D.P.R.1972). A defendant who presents a motion to dismiss admits, for the purposes of the motion, all of the material allegations of the complaint but "does not admit any conclusion of law or unwarranted deductions of fact made therefrom." *Id.* In deciding such a motion, the court must, therefore, view all material allegations in the light most favorable to the plaintiff and resolve all doubts in his favor. *Dunn v. Gazzola,* 216 F.2d 709 (1st Cir.1954). The court should not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### B. Count I: Plaintiff's FDCPA Claim

Plaintiff claims that Defendants violated a provision of the FDCPA, which proscribes debt collectors from making "false, deceptive, or misleading representations." 15 U.S.C. § 1692e. Although Plaintiff claims that Defendants violated this anti-fraud provision in numerous ways, he argues primarily that Defendants violated it by (1) representing to the mortgage company's credit bureau that Plaintiff owed the unpaid rent even though he had not signed the lease and, therefore, was not liable for rent, and (2) failing to disclose that Plaintiff had orally disputed the debt. The statute explicitly states, *inter alia,* that the failure of debt collector to disclose the disputed status of a disputed debt constitutes a "false, deceptive, or misleading representation." *See* 15 U.S.C. § 1692e(8).

■■■■ Defendants accept these allegations, but argue that they do not, as a matter of law, rise to the level of "false, deceptive, or misleading representations." In support of this contention, Defendants focus on the uncontested fact that Plaintiff did not dispute the debt *in writing.* Interpreting a provision of the FDCPA, now codified as 15 U.S.C. § 1692g(a)(3), courts have held that a debt collector may assume that a debt is valid unless the alleged debtor disputes the debt *in writing. See Graziano v. Harrison,* 950 F.2d 107, 111–12 (3rd Cir.1991) (interpreting 15 U.S.C. § 1692g(a)(3)); *Sturdevant v. Jolas,* 942 F.Supp. 426, 429 (W.D.Wis.1996) (same). Plaintiff's failure to deny the debt in writing permits Defendants to assume that the debt was valid. In view of this, it cannot be said that their representation of the debt, or their failure to disclose its disputed status, was "false, deceptive, or misleading."

Plaintiff contends that the FDCPA provision, § 1692g, relied upon by Defendants, which entitles creditors to assume the validity of undisputed debts, does not foreclose his claim. He argues that the anti-fraud provision, § 1692e(8), on which his claims are based, does not expressly require that disputes be in writing. Plaintiff cites "informal Federal Trade Commission staff letters" in support of this assertion, as well as the gen-

**204**

eral principle that courts must not "read into statutory language a restriction that Congress itself did not include". *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322 (7th Cir.1997) (holding that the plain language of the statute controls interpretation of "debt" in the FDCPA).

 This court disagrees and concludes that the general principle entitling a debt collector to assume the validity of a debt, absent a written dispute carries, over to the anti-fraud provision of the statute. Moreover, this court finds it significant that the anti-fraud provision does not state, "the failure to communicate that a debt is disputed" but, rather, specifically refers to "the failure to communicate that a *disputed debt* is disputed." *See* § 1692e(8) (emphasis added). The phrase "disputed debt" is referred to and defined in § 1692g(b) as requiring the debtor to make a written submission in order for the matter to be considered a disputed debt. Although this is an issue of first impression in this circuit, courts in other jurisdictions have similarly concluded that the anti-fraud provision in 15 U.S.C. § 1692e(8) only attaches when a debt is properly "disputed" under 15 U.S.C. § 1692g. *See, e.g., Morgovsky v. Creditors Collection Service of San Francisco,* 1995 WL 316970 (N.D.Cal.1995) (credit agency did not violate FDCPA by failing to disclose disputed status of debt when Plaintiff did not dispute debt in writing), *aff'd* 92 F.3d 1193, 1996 WL 441709 (9th Cir.1996) (unpublished).

 And so, taking all of Plaintiff's allegations as true, he has failed to state a claim under the FDCPA. Count I must, therefore, be dismissed.[2]

### C. *Count II, III, and IV: Remaining State Law Claims*

Dismissal having been granted as to the federal question in Count I, this Court will no longer retain jurisdiction over the remaining pendant state law claims and, accordingly, dismisses them for lack of subject matter jurisdiction.

### II. *CONCLUSION:*

For the reasons addressed above, Defendants Motion to Dismiss is ALLOWED as to Count I and Plaintiff's remaining state law claims are DISMISSED for lack of subject matter jurisdiction.

AN ORDER WILL ISSUE.

---

2. Plaintiff also asserts that Defendants violated the FDCPA by representing that the debt had not been paid, even though any action on the debt would have been time-barred. This representation, however, was not "false, deceptive, or misleading." The fact that the statute of limitations had run on the debt does not change the fact that the debt had not been paid.

Plaintiff similarly claims that Defendants violated the FDCPA when they told him that he still owed the unpaid rent. Plaintiff claims that this constituted an attempt to collect the debt through deceptive means. It is, however, undisputed that Plaintiff initiated the dialogue in question. Consequently, *it is clear that Defendants were not attempting to collect the debt.* They were merely responding to Plaintiff's inquiry.