Patricia Chalfant **TRIVITS,** Plaintiff,

v.

The **WILMINGTON INSTITUTE,** a corporation of the State of Delaware, et al., Defendants.

Civ. A. No. 4776.

United States District Court, D. Delaware.

Oct. 4, 1974.

Alfred J. Lindh of Wise, Lindh, Mekler & Evans, Wilmington, Del., for plaintiff.

Henry N. Herndon, Jr. and Jay Paul James of Morris, James, Hitchens & Williams, and B. Wilson Redfearn of Tybout, Redfearn & Schnee, Wilmington, Del., for defendants.

## OPINION

LATCHUM, Chief Judge.

Patricia Chalfant Trivits ("plaintiff"), a former library employee of The Wilmington Institute ("Institute"), has brought this civil rights action against the Institute, Jack W. Bryant ("Bryant"), Director of Libraries and Secretary of the Institute's Board of Managers, and Edward B. duPont ("duPont"), President of the Institute's Board of Managers, seeking reinstatement as an Institute employee, injunctive relief and compensatory and punitive damages. The case is presently before the Court on defendants' motion to dismiss the complaint or some of its claims on various grounds.

Jurisdiction is alleged to exist by virtue of 28 U.S.C. §§ 1343(3) and (4) and 42 U.S.C. § 2000e–5(f)(3).

For the purposes of the present motion, the complaint must be liberally construed with all inferences drawn and all ambiguities resolved in favor of the nonmovant and its material factual allegations must be accepted as true. Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967); Ward v. Hudnell, 366 F.2d 247, 249, (C.A. 5, 1966); Klimas v. Int. Tel. & Tel. Corp., 297 F.Supp. 937, 938 (D.R.I. 1969). The amended and supplemental complaint in substance alleges: (1) that the plaintiff was employed by the Institute from September 1968 until February 18, 1972 when she was discharged wrongfully, maliciously and without cause, (2) that during her term of employment she had been promoted on several occasions, rising from library trainee to permanent Head of the Processing Department in charge of sixteen employees and responsible for all acquisition, cataloging and processing of materials for the Institute, (3) that at the time of her discharge she had acquired tenure under the Institute's rules, regulations and practices, that is she had the right to retain permanent employment in her last classified position unless demoted or discharged for cause after an evaluation of less than competent followed by a probationary period, (4) that, although she had performed all her duties well and complied with the requirements of her employment, she was fired without just cause, without a proper pre-dismissal hearing of the matter and because she was a woman, and (5) that duPont in his official capacity thereafter circulated defamatory letters to the County Executive, New Castle County Council members and to the Journal, American Libraries which injured her professional reputation and standing and substantially impaired her ability to secure other employment commensurate with her abilities, training and experience.

The plaintiff contends that the above factual allegations provide a sufficient basis for her causes of action derived from the Civil Rights Act, 42 U.S.C. § 1983, in that the defendants were persons acting under color of state law (1) who deprived her of liberty and property in violation of her substantive and procedural due process rights secured by

the Fourteenth Amendment and (2) who deprived her of the right to equal protection of law granted by the Fourteenth Amendment when she was discharged because she was a woman. She also asserts as a further cause of action that she was discharged because of her sex in violation of the Equal Employment Opportunity Act ("EEOA"), 42 U.S.C. § 2000e–2(a)(1). Finally, she asserts a state law claim of malicious defamation against all the defendants.

### 1. *Motion to dismiss claim of EEOA violation.*

■■ The defendants have moved to dismiss plaintiff's cause of action based on the allegation that she was discharged because of her sex in violation of EEOA. The motion is well taken. It is clearly settled that a person claiming to be aggrieved by a violation of the EEOA may not maintain a suit for redress in a federal district court until he first satisfies the statutory requirement of affording the Equal Employment Opportunity Commission an opportunity to attempt to adjust the grievance by voluntary compliance. Love v. Pullman Co., 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Fekete v. U.S. Steel Corp., 424 F.2d 331, 336 (C.A. 3, 1970); Dent v. St. Louis-San Francisco R. Co., 406 F.2d 399, 403 (C.A. 5, 1969); Johnson v. Seaboard Air Line R.R. Co., 405 F.2d 645, 652 (C.A. 4, 1968) cert. denied 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (C.A. 7, 1968). Since the plaintiff here has expressly conceded in her complaint that she has made no effort to pursue her avenues of potential administrative relief before the Commission prior to instituting this suit, the claim asserted based on the EEOA will be dismissed.[1]

### 2. *Motion to dismiss claim of sex discrimination in violation of the equal protection clause.*

■■ The plaintiff has claimed that the defendants as persons, acting under color of state law, discharged her simply because she was a female in violation of plaintiff's right to equal protection of law secured by the Fourteenth Amendment. The defendants have moved to dismiss this claim for failure to state a claim upon which relief can be granted because the allegation is a conclusion, unsupported by any factual statement, which is not admitted by a motion to dismiss. While admittedly a statement of the factual circumstances forming the basis for plaintiff's conclusion of discrimination based on sex might have been better pleaded, the fact is the defendants have been placed on notice (1) that Bryant on behalf of the Institute, as a person acting under color of state law, dismissed her from her job on February 18, 1972, (2) that she had before that time performed her duties satisfactorily and (3) that the reason for her dismissal was that she was a female. This appears to be sufficient under notice pleading to state a cause of action and withstand the present motion.[2] When state action or action taken under color of state law[3] accords unequal treatment to individuals based solely on their sex without regard to their individual qualifications, the classification is subject to close judicial scrutiny under the Equal Protection Clause and unless the dissimilar treatment for men and women similarly situated does not rest upon some ground of difference having a fair and substantial relation to the object of the dissimilar treatment, then the discrimination based on sex violates the Fourteenth Amendment. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973);

---

1. At argument, plaintiff conceded that this claim could not now be maintained.

2. Defendants may probe for further facts by use of the discovery rules.

3. In cases under § 1983 "under color of law" has consistently been treated as the same thing as "state action" required under the Fourteenth Amendment. United States v. Price, 383 U.S. 787, 794, fn. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Braden v. University of Pittsburgh, 477 F.2d 1 (C.A. 3, 1973); Kirstein v. Rector and Visitors of University of Virginia, 309 F.Supp. 184 (E.D.Va.1970). Therefore, defendants' motion to dismiss this claim will be denied.

3. *Motion to dismiss the "property" aspect of her due process claim.*

■ The plaintiff has alleged that she held a tenured position with the Institute under its rules, regulations and practices which entitled her to continued employment absent sufficient cause for dismissal and that her tenure amounted to a "property" interest sufficient to require the defendants to give her a fair pre-dismissal hearing since their conduct amounted to state action. The defendants' motion seeks to dismiss this aspect of plaintiff's claim on the ground it is barred by the Delaware one-year statute of limitations, 10 Del.C. § 8110.[4] The plaintiff was discharged on February 18, 1972 and this suit was filed on December 7, 1973. Judge Stapleton of this Court in Gordenstein v. The University of Delaware, 381 F.Supp. 718 (D.Del., 1974) has decided this issue on similar facts and held that the three-year Delaware statute of limitations, 10 Del.C. § 8106, rather than the one-year statute applies. On the authority of the *Gordenstein* case, defendants' motion to dismiss the "property" aspect of plaintiff's due process claim will be denied.

4. *Motion to dismiss on the ground the Institute is not a "person" under § 1983.*

Plaintiff seeks compensatory damages against the Institute and Bryant and duPont in their official capacities as officers of the Institute. Plaintiff also seeks punitive damages against Bryant in his official capacity. The plaintiff has asserted no claims for damages individually against Bryant or duPont. The defendants' motion seeks dismissal of the claim for damages and injunctive relief against the Institute on the ground it is not a "person" under § 1983 and seeks dismissal of the claims for damages against Bryant and duPont in their official capacities on the ground that any recovery would come from the public Treasury.

■ With respect to these issues the present record is simply too sparse and contradictory to make a definitive determination. Whether the State, New Castle County and the City of Wilmington have become so intrinsically involved in the affairs of the Institute, a private corporation, through the functions it performs, the control exercised over it or the funding given, as to it to make it a "person" not amenable to suit under § 1983 will have to await a fuller development of the facts. The same is true with respect to the question whether the Institute is financed solely from public funds so that any award of damages against the individual defendants would be satisfied from the public Treasury or whether the Institute has private funds from which such damages could be awarded. This too is a question which cannot be determined on the present record. The defendants' motion to dismiss on these grounds will therefore be denied. Braden v. University of Pittsburgh, 477 F.2d 1 (C.A. 3, 1973), see Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974).

5. *Motion to dismiss claim of malicious defamation.*

The plaintiff in her supplemental complaint has asserted a state tort claim (designated Count II) seeking additional damages against all three defendants for allegedly circulating a false and defama-

---

4. Since Congress has not prescribed a limitation period for the commencement of § 1983 suits, the Court must apply the limitation period governing analogous causes of action under state law. Howell v. Cataldi, 464 F. 2d 272, 277 (C.A.3, 1972).

tory letter which was published in the February 1974 issue of the Journal, American Libraries. The defendants have moved to dismiss this claim on the ground that this additional related state tort claim must fall with the dismissal of her § 1983 claims.

■■ There is no question that this Court has jurisdiction of the claims arising under § 1983 to redress violations of constitutional rights. Furthermore, the doctrine of pendent jurisdiction permits a consideration of related state claims. If after a fuller hearing the § 1983 claims are not dismissed and are found substantial, then the federal claim, that the plaintiff was deprived of "liberty" [5] in violation of the Due Process Clause, and the state defamation claim, both of which arose out of a "common nucleus of operative fact" could be tried together as this Court would have the power to hear the whole matter. UMW v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Anderson v. Nosser, 438 F.2d 183, 188–189 (C.A. 5, 1971) modified 456 F.2d 835 (C.A. 5, 1972) cert. denied 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); Birdwell v. Hazelwood School District, 352 F.Supp. 613, 625 (E.D.Mo. 1972) aff'd 491 F.2d 490 (C.A. 8, 1974). Accordingly, the motion to dismiss the related state defamation claim will be denied at this time to await a further development of the facts on the § 1983 claims.

An order will be entered in accordance with this opinion.

---

5. Under Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct, 2701, 33 L.Ed.2d 548 (1972) whether an employee is deprived under color of state law of interests in "liberty" secured by the Fourteenth Amendment by discharge without notice and a pre-dismissal hearing giving the employee an opportunity to clear his name depends upon (1) whether the employee's discharge is accompanied by a "charge against him that might seriously damage his standing and associations in his community" such as "a charge, for example, that he had been guilty of dishonesty or immorality" so that the employee's "good name, reputation, honor, or integrity is at stake" or (2) whether there has been "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities," such as, for example, by invoking "regulations to bar the respondent from all other public employment . . . ." 408 U.S. at 573, 92 S.Ct. at 2707.