**Paul VANAMAN, Plaintiff,**

v.

**Jerome F. PALMER, Defendant.**

Superior Court of Delaware,
Sussex County.
Submitted: Jan. 30, 1986.
Decided: Jan. 30, 1986.

Paul Vanaman, pro se.

John E. Messick, of Tunnell & Raysor, Georgetown, for defendant.

CHANDLER, Judge.

Plaintiff Paul Vanaman instituted this lawsuit on November 25, 1985, asserting violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and seeking relief under 42 U.S.C. § 1983. Defendant Jerome F. Palmer, a member of the Georgetown Delaware Police Department at the time of the incident complained of, has moved to dismiss the complaint on the ground that it is barred by the applicable two-year statute of limitations, 10 *Del.C.* § 8119. Having reviewed the submissions of the parties, this is the Court's decision on the defendant's motion to dismiss the complaint.

For purposes of the present motion, the complaint must be liberally construed with all inferences drawn and all ambiguities resolved in favor of the non-movant and its material factual allegations must be accepted as true. *See Gardner v. Toilet Goods Ass'n.*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). In substance the complaint alleges the following: On November 25, 1982, the plaintiff called the Delaware State Police and registered a complaint regarding certain stolen personal property. Plaintiff requested the State Police not to send the defendant to investigate the complaint, but shortly thereafter the defendant appeared at the plaintiff's residence. After knocking on the door to plaintiff's residence, the plaintiff and the defendant were involved in an argument. After plaintiff went back into his house, defendant allegedly kicked the door, thereby striking plaintiff in the face. Although the plaintiff warned the defendant that he was under "citizen's arrest" for assault and for breaking and entering, the defendant refused to leave. Only after plaintiff called the Delaware State Police for assistance did the defendant leave the premises. Later that evening, the plaintiff was arrested, evidently at his residence, by the defendant and another police officer. The charges giving rise to the plaintiff's arrest were apparently later dismissed by a deputy attorney general.

Exactly three years later, on November 25, 1985, the plaintiff filed this lawsuit, seeking relief under 42 U.S.C. § 1983 for the assault, unlawful entry and false arrest. Plaintiff's complaint contains a litany of injuries, both personal and economic, suffered as a result of the alleged illegal actions of the defendant.

In response to defendant's motion to dismiss, the plaintiff argues that this action is timely under 10 *Del.C.* § 8106, Delaware's three-year statute of limitations. In support of this argument he cites *Trivits v. Wilmington Institute,* D.Del., 383 F.Supp. 457, 461 (1974). On the other hand, the defendant contends that an action under 42 U.S.C. § 1983 is a personal injury action controlled by Delaware's two-year statute of limitations, 10 *Del.C.* § 8119. He relies upon a recent decision of the United States Supreme Court, *Wilson v. Garcia,* 471 U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and Judge Stapleton's opinion in *Pagano v. Hadley,* D.Del., 553 F.Supp. 171 (1982).

*Trivits v. Wilmington Institute, supra,* is inapt for two reasons. First, the Court there applied the three-year statute of limitations to a claim based on an alleged employment termination contrary to the requirements of due process of law. *See Trivits v. Wilmington Institute, supra,* 383 F.Supp. at 461, citing *Gordenstein v. University of Delaware,* D.Del., 381 F.Supp. 718 (1974). In contrast, there is here no allegation of breach of an employment agreement that would come within 10 *Del.C.* § 8106 covering actions based "on a promise." Secondly, *Trivits* predates *Wilson v. Garcia, supra,* where the United

States Supreme Court held that, for statute of limitations purposes, § 1983 claims should be characterized as personal injury actions. Thus *Trivits* is of no precedential value to this case.

On the question of characterizing the nature of the plaintiff's claim, *Wilson v. Garcia, supra,* is controlling. Reviewing the language of § 1983 as well as its legislative history, the Supreme Court concluded that "Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract." 471 U.S. ——, 105 S.Ct. at 1948, 85 L.Ed.2d at 267. This understanding of § 1983 was crisply explained as follows:

> "In essence, § 1983 creates a cause of action where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, every cause of action under § 1983 which is well founded results from 'personal injuries'." *Wilson v. Garcia,* 471 U.S. ——, 85 L.Ed.2d at 267–68, 105 S.Ct. 1948, quoting *Almond v. Kent,* 4th Cir., 459 F.2d 200, 204 (1972).

Characterizing all § 1983 claims as conferring a general remedy for injury to personal rights means that such actions are governed by the appropriate state statute of limitations for actions to recover damages for personal injuries. In Delaware, that statute is 10 *Del.C.* § 8119, which requires a claim to be brought within "two years from the date upon which it is claimed that such alleged injuries were sustained." 10 *Del.C.* § 8119.

Because the injuries in this action were allegedly sustained on November 25, 1982, an action under 42 U.S.C. § 1983 in order to be timely had to be filed within two years from that date. Since this action under § 1983 was filed three years after the alleged injuries were sustained, it is clearly untimely.

Defendant's motion to dismiss shall be granted. An order in accordance with this opinion will be entered.