IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHRISTOPHER BRIAN SANDS,    )
                            )
      Plaintiff,            )
                            )
v.                          )       C.A. No. N17C-05-173 MMJ
                            )
DELAWARE DEPARTMENT OF      )
   CORRECTION,              )
                            )
      Defendant.            )

Submitted: July 18, 2017
Decided: August 2, 2017

On Defendant's Motion to Dismiss
**GRANTED**

On Plaintiff's Motion for Appointment of Counsel
**DENIED**

## <u>**ORDER**</u>

On July 31, 2014, Plaintiff filed a civil complaint against Defendant. The allegations in the 2014 complaint stemmed from an incident that allegedly occurred in June 2012.

By Order dated February 10, 2017, this Court dismissed the 2014 complaint. The Court found that following repeated extensions to permit Plaintiff to serve defendant with process, Defendant was never served as required by Superior Court

Civil Rule 4(j). Pursuant to Rule 41(b), the Court granted Defendant's motion to dismiss for failure to prosecute. [1]

Plaintiff filed this action on May 11, 2017. The 2017 complaint relates to the same incident that allegedly occurred in June 2012. The 2014 and 2017 complaints are substantially identical. Plaintiff claims damages on the basis of simple negligence and "deliberate indifference."

### *Motion to Dismiss*

Defendant has filed a Motion to Dismiss. The Court finds that the Motion to Dismiss must be granted for the following reasons.

(1) Plaintiff's negligence claim is barred by the two-year statute of limitations.[2] Viewed in the light most favorable to Plaintiff, the events occurred in June 2012. Therefore, the previous action, filed on July 31, 2014, also was barred by the statute of limitations.

(2) Plaintiff's negligence claim against the Delaware Department of Correction is barred by the Delaware State Tort Claims Act.[3]

---

[1] *Sands v. Delaware Department of Correction*, Del. Super., C.A. No. N14C-07-256, Cooch, R.J. (Feb. 10, 2017) (ORDER).
[2] 10 *Del. C.* §8119.
[3] 10 *Del. C.* §4001(3).

(3) If Plaintiff's "deliberate indifference" claim is interpreted to be a civil rights action pursuant to 42 U.S.C. §1983, such claims also are barred by a two-year statute of limitations.[4]

### Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel.

The Delaware Superior Court has the "inherent authority to appoint counsel for an indigent person in a civil suit."[5] The Court will only appoint counsel if it is demonstrated that the prisoner does not have meaningful access to the courts by other alternatives.[6] Meaningful access has been interpreted to mean "either access to an adequate law library or legal assistance in the preparation of complaints, appeals, petitions, etc., though the State is vested with discretion to select the method by which to implement this constitutional guarantee."[7] The State rarely appoints counsel to prisoners for civil claims.[8]

Sands has access to the prison law library. There is nothing in the record to show that Sands is being denied "meaningful access" to the Courts.

Representation by an attorney is virtually always beneficial for every litigant. However, civil plaintiffs are not entitled to appointment of legal counsel

---

[4] 10 *Del. C.* §8119; *Vanaman v. Palmer*, 506 A.2d 190, 192 (Del. Super. 1986).
[5] *Vick v. Dep't of Corr.*, 1986 WL 8003, at *2 (Del. Super.).
[6] *Id.*
[7] *Id.* at *1.
[8] *See Jenkins v. Dover Police Comm'r*, 2002 WL 663912 (Del. Super.).

*at State expense.* The State simply does not have the resources to supply civil litigants with attorneys, regardless of the purported merits of the case. Further, any plaintiff who cannot find a private attorney to represent the plaintiff in a personal injury case, should seriously consider whether the claim is financially and practically viable.

In any event, Plaintiff's Motion for Appointment of Counsel must be denied as moot on the basis that this action must be dismissed as barred by the applicable statutes of limitations.

**THEREFORE,** Defendant's Motion to Dismiss is hereby **GRANTED.** Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston